UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN SOGA, | No. 2:14-cv-01084-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF NEVADA, et al, | |
| Defendants. | |

On December 3, 2015, the County of Nevada and Rolf Kleinhans (collectively "Nevada County" or "Defendants") filed a request to seal several documents they produced during discovery. Req., ECF No. 18-1. Defendants' request anticipated plaintiff's referencing some or all of these documents in opposition to defendants' pending motion for summary judgment. *Id*. Plaintiff has not opposed defendants' request. Schaffer Decl. 2–3, ECF No. 19. Plaintiff believes, however, it will be unworkable to redact her references to sealed documents, because plaintiff has relied heavily in response to defendants' motion on documents covered by the sealing request. *Id.* at 3. Instead, in the event the court grants defendants' request, plaintiff agrees to file the documents she has referenced under seal. *Id.*

After reviewing Nevada County's request and the documents it covers, the court DENIES the request to seal.

1

## I. BACKGROUND

On May 1, 2014, plaintiff Kathleen Soga filed a complaint against the County of Nevada and Rolf Kleinhans. ECF No. 1. Kleinhans is the Chief Fiscal and Administrative Officer of the Nevada County Sheriff's Department. *Id.* Soga asserts claims for (1) sexual harassment in violation of Title VII and the Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of Title VII and FEHA; and (3) retaliation in violation of California Labor Code section 1102.5. *Id.* On November 16, 2015, Nevada County filed its motion for summary judgment. ECF No. 17. It requests the following documents be sealed (1) Human Resources Report of Findings authored by Nancy Haffey ("Exhibit E"); (2) letter dated April 25, 2013 from the County of Nevada to Rolf Kleinhans ("Exhibit F"); (3) deposition of Joseph Salivar related to matters concerning Kleinhans ("Exhibit G"); (4) transcripts of the County of Nevada's confidential witness interviews of Janet Breneman ("Exhibit H"); and (5) a transcript of the County of Nevada's confidential witness interview of Jeff Pettitt ("Exhibit I").

## II. LEGAL STANDARD

The common-law "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A litigant may request court records be sealed or redacted. *See id.* (listing traditional examples). Courts faced with requests to seal or redact begin "with a strong presumption favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record in support of a dipositive motion bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.* at 1135–36; *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Specifically, the party seeking to seal or redact a document bears the burden of "articulat[ing] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Foltz*, 331 F.3d at 1135; *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The "compelling reasons" standard applies even if the dispositive motion, such as a motion to dismiss or its attachments, were previously filed under seal or protective order. *Kamakana*, 447 F.3d at 1179.

"Compelling reasons" can include the need to avoid "private spite," "public scandal," and to prevent a court's records from becoming "reservoirs of libelous statement for press consumption," or "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589 (citations and internal quotation marks omitted). Hypothetical or conjectural harm is not a compelling reason. *Hagestad*, 49 F.3d at 1434. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Foltz*, 331 F.3d at 1136; *Kamakana*, 447 F.3d at 1179. A party's failure to meet its burden means that the default posture of public access prevails. *Kamakana*, 447 F.3d at 1182.

III.  DISCUSSION

Here, Nevada County argues the documents it seeks to have sealed are covered by the parties' discovery protective order. Req. at 1. But as this court has articulated in its scheduling order, "protective orders . . . shall not govern the filing of sealed or redacted documents on the public docket." ECF No. 12; *see also Kamakana*, 447 F.3d at 1179. Defendants make additional arguments, addressed below.

A.  Human Resources Report of Findings

Defendants argue the Human Resources Report of Findings authored by Nancy Haffey, related to plaintiff's complaint of sexual harassment ("Exhibit E"), "has no bearing on [p]laintiff's claims and will only serve to scandal[ize] individuals who provided information with an expectation of privacy." ECF No. 18-1.

This reason given in support of sealing is general and conclusory. It does not state which individuals will be adversely affected by disclosure. Defendants do not explain the foundation for the unnamed persons' expectations of privacy. Because "hypothetical or conjectural harm are not compelling reasons," the court will not seal a document based on unsupported assertions of privacy expectations. *Hagestad*, 49 F.3d at 1434.

Much of the information in the document is directly related to Ms. Soga's claims; it contains much of the same information provided in the complaint filed in this action, a public document not subject to seal. The public access to the information undermines the position that

3

the same information in a different document warrants a court-ordered seal.  *See Kamakana*, 447 F.3d at 1182 (denying party's request to seal because information in documents was already public).

        The court notes several redactions have been made in the documents covered by the sealing request.  The redactions themselves do not appear to comply with Local Rule 140, and without further comment are not approved.

        As to the document currently before the court, the request to seal this exhibit is DENIED.

    B.    <u>Letter to Rolf Kleinhans regarding Administrative Leave</u>

        Defendants request sealing of an April 25, 2013 letter from the County of Nevada to Rolf Kleinhans regarding administrative leave (Exhibit F).  They argue the letter contains confidential disciplinary information related to Kleinhans. ECF No. 18-1.  They also argue plaintiff seeks disclosure of this letter to attack Kleinhans' character.  *Id.*

        Defendants do not articulate why or how Kleinhans' character will suffer more by virtue of the letter's publication, given that this case already is pending against him for sexual harassment.  The letter states that Kleinhans is being placed on paid administrative leave.  It does not say anything about the reasons motivating the leave.  The fact of leave is already a matter of public record.  *See* Compl. ¶ 39, ECF No. 1 ("He had been put on administrative leave pending the investigation.").

        The request to seal this document is DENIED.

    C.    <u>Deposition of Joseph Salivar</u>

        Defendants also request to seal the transcript of Joseph Salivar's deposition ("Exhibit G").  Defendants argue disclosure would "potentially affect" Salivar's reputation and has no bearing on the public interest in this case. ECF No. 18.

        Defendants' conclusory arguments do not rise to the level of "compelling reasons" sufficient to overcome the presumption of the need for public access to court documents.  *Foltz*, 331 F.3d at 1138.

        Defendants' request here as well is DENIED.

D.      <u>Transcripts of the County of Nevada's Witness Interviews of Janet Breneman</u>

Defendants request to seal several transcripts of interviews of Janet Breneman ("Exhibit H"), arguing the interviews will "potentially affect her reputation" and have no bearing on the outcome of the case.  Defendants again do not explain how the interviewd will affect Ms. Breneman's reputation.  Additionally, the interviews have a direct bearing on the case, for Breneman describes her interactions with Kleinhans as well as interactions between Kleinhans and Ms. Soga.

This request to seal is DENIED.

E.      <u>Transcript of the County of Nevada's Witness Interview of Captain Jeff Pettitt</u>

Defendants request to seal the transcript of Jeff Pettitt's interview, arguing here as well, that disclosure will "potentially affect his reputation and ha[s] no bearing on the outcome of this case." ECF No. 18-1.  Again, defendants articulate no more than conclusory statements.  Additionally, the interview could have a bearing on the outcome of the case, as Pettitt was the person to serve Kleinhans with his paid administrative leave letter.

This request to seal is DENIED.

F.      <u>Redaction Requests—Plaintiff's Documents in Support of Opposition</u>

Defendants request the court order plaintiff to redact several documents.  ECF No. 18-1.  These documents include (1) plaintiff's separate statement of material facts; and (2) plaintiff's memorandum of points and authorities.  *Id.*  Defendants request the documents be redacted to the extent they refer to Exhibits E through I, listed above.  *Id.*

Because the court has denied all of defendants' requests to seal the exhibits, the requests to redact also are DENIED.

/////

/////

/////

/////

/////

/////

5

## IV. CONCLUSION

IT IS HEREBY ORDERED that defendants' motion to seal and redact is DENIED in full. To the extent plaintiff relies on documents covered by defendants' motion, she may file these on the public docket within seven (7) days.

IT IS SO ORDERED.

DATED: March 21, 2016.

_____
UNITED STATES DISTRICT JUDGE