1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

KATHLEEN SOGA,

           Plaintiff,

    v.

COUNTY OF NEVADA, et al.,

           Defendants.

Civ. No.  2:14-cv-01084-KJM-KJN

<u>AMENDED</u> FINAL PRETRIAL ORDER

17
18
19

      On, August 18, 2016, the court conducted a final pretrial conference.  Kerry Schaffer appeared for plaintiff Kathleen Soga; Carl Fessenden and Ariana Van Alstine appeared for defendants County of Nevada and Rolf Kleinhans.

20
21

      After hearing, good cause appearing, and considering the objections filed by the parties on September 12, 2016, the court makes the following findings and orders:

22

JURISDICTION/VENUE

23

      Jurisdiction is predicated on 28 U.S.C. § 1331.  Jurisdiction and venue are not contested.

24

JURY/NON-JURY

25

      Both parties demand a jury trial.  The jury will consist of seven jurors.

26

/////

27

/////

28

1

UNDISPUTED FACTS

The following core facts are undisputed by the Parties:

1. Plaintiff began working as a Legal Office Assistant (LOA) for the County of Nevada in 2008.

2. Plaintiff was supervised by Bob Wood until he retired in 2011.  Defendant Rolf Kleinhans replaced Bob Wood as Public Administrator and Chief Financial Officer in May of 2011.

3. In October of 2011, Soga went out on leave.

4. On January 6, 2012, Soga requested and received reassignment to an administrative clerical unit under the supervision of Shelli Netherby.

5. On January 14, 2013, Soga volunteered to transfer to a LOA position in Truckee.

6. Soga remained in that position until her resignation on September 6, 2013.

7. On April 16, 2013, Soga filed a formal complaint of harassment with the County of Nevada's Human Resources Department.

8. Soon after April 16, 2013, Ms. Haffey began her investigation. The County of Nevada concluded the investigation on May 29, 2013.

9. Kleinhans was placed on administrative leave due to a statement he made. This statement by Kleinhans was investigated as part of the April 16, 2013 Complaint.

10. On August 28, 2013, Soga was called to a meeting with HR Director Charlie Wilson and Salivar, at which time Wilson told Soga that Kleinhans was coming back to work and that he wanted to apologize.  Soga refused to meet with Kleinhans.

11. Kleinhans returned to work on September 3, 2013.

12. Soga sent her resignation to the County of Nevada on September 6, 2013.

13. On September 5, 2013, Soga submitted a Complaint with the Department of Fair Employment and Housing for harassment and retaliation. Plaintiff filed an Amended Complaint on October 16, 2013 to add a claim for discrimination.

14. Soga likewise filed a Complaint with the EEOC on November 19, 2013 complaining of sex based harassment and retaliation.

2

15. While Kleinhans was on leave, Undersheriff Salivar contacted Soga, about a permanent position in Truckee. After submitting her resignation with the County of Nevada, Trina Woodward contact SOGA to again offer her the permanent position in Truckee.

DISPUTED FACTUAL ISSUES

The following core facts are disputed by the Parties:

1. Whether Plaintiff suffered any adverse employment action because she engaged in activity protected under Title VII and/or FEHA.

2. Whether there is a causal link between the protected activity and any adverse employment action.

3. Whether Plaintiff was constructively discharged.

4. Whether Plaintiff suffered any harm or damages as a result of conduct by Defendant County of Nevada's employees, and if so, the amount thereof.

5. Whether Plaintiff mitigated her damages.

6. Whether Defendant County of Nevada implemented proper remedial action related to Kleinhans.

SPECIAL FACTUAL INFORMATION

None applicable.

DISPUTED EVIDENTIARY ISSUES/MOTIONS *IN LIMINE*

Plaintiff anticipates filing motions, including *motions in limine*, referencing the following matters:

1. Production by trial subpoena of Undersheriff Salivar's Proposed Termination Letter to Kleinhans.  Plaintiff sought production and production was refused.  Salivar's testimony as to the contents of the letter were vague and incomplete based on Salivar's claim that he had not recently reviewed the letter, even though he was PMK as to its contents.  Plaintiff will serve a trial subpoena (F.R.C.P. Rule 46) on Salivar to appear and produce that letter, so as to refresh his recollection as to the contents of the letter which relate to Plaintiff's retaliation causes of action including how the County of Nevada viewed Kleinhans' threat against Plaintiff, his

3

attempts to find out who filed the Complaint against him, whether his actions were perceived as harmful to Plaintiff and the like.

2. The extent of any limitations on offering or soliciting of background information such as the history of hostilities between Soga and Kleinhans, which set the stage for her April 16, 2013 HR Complaint, Plaintiff's work history prior to Kleinhans' arrival, Kleinhans' work history and his relationships with the Royals; the fact of Janet Breneman's physical transfer to the jail after Kleinhans was placed on administrative leave (including why this was done) and the like.

3. Production by trial subpoena of an unredacted copy of the Nevada County Department to Human Resources Report of Findings (report authored by Nancy Haffey).  An unredacted copy of Haffey's report will be used to refresh her recollection at trial during her examination, as allowed by F.R.C.P. Rule 45.

4. Whether Janet Breneman is unavailable to testify at trial as defined by Fed.R.Civ.P. 32(a)(4)(B).

Defendants filed six *motions in limine* to preclude the plaintiff from presenting evidence or argument referencing the following matters:

1. *Motion in limine* #1:  Evidence regarding incidents and events barred by the applicable limitations period.  ECF No. 31.  The parties agree some evidence is admissible to provide context.  ECF No. 52 at 4.  The parties disagree, however, as to the scope of allowable evidence.  *Id.*  The parties have requested further briefing on this issue and the court allows briefing on the schedule set forth below.

2. *Motion in limine* #2:  Evidence in the form of the investigation report prepared by Nancy Haffey.  *See* ECF No. 31-1.  The parties request this motion be ruled upon prior to trial. ECF No. 52 at 4–5.

*/////*

*/////*

*/////*

4

3.   *Motions in limine* #3 through #5:  Evidence regarding Kleinhans's financial history, ECF No. 31-2, qualifications and the hiring process for his position, ECF No. 31-3, and personal relationship with Keith Royal or Janet Royal, ECF No. 31-4.  The parties agree these motions can be ruled upon on the first day of trial.  ECF No. 52 at 5.

4.   *Motion in limine* #6: Evidence regarding harassment complaints.  ECF No. 31-5.  Ms. Soga has withdrawn objection to this motion.  ECF No. 52.  This motion is GRANTED as unopposed.

*     *     *

To the extent motions *in limine* were previously not fully briefed, oppositions or statements of non-opposition shall have been filed by **September 12, 2016**, with replies due no later than **September 16, 2016**.

If a party wishes to contest a pretrial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds.  *See* Fed. R. Evid. 103(a); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.") (alteration, citation and quotation omitted).  In addition, challenges to expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), are denied without prejudice.  Should a party wish to renew a *Daubert* challenge at trial, it should alert the court, at which point the court may grant limited *voir dire* before such expert may be called to testify.

STIPULATIONS/AGREED STATEMENTS

To the extent possible, the parties anticipate stipulating to the admissibility of certain documents.  The parties shall file any stipulated statements with the court by the first day of trial.

RELIEF SOUGHT

Plaintiff seeks an award of back pay and front pay, as well as general damages for emotional distress, against defendant County of Nevada.  Finally, plaintiff seeks an award of attorney's fees and costs of suit, and any additional relief the Court deems appropriate.

5

Defendants request they be awarded their attorney's fees and costs of suit, and any additional relief as the Court deems just and proper.

POINTS OF LAW

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than seven days prior to the date of trial in accordance with Local Rule 285.

ABANDONED ISSUES

No abandoned issues at this time.

WITNESSES

Plaintiffs' witnesses are listed in Attachment A.  The defendants' witnesses are listed in Attachment B.  Each party may call any witnesses designated by the other. Each party may call any witnesses designated by the other.

A.      The court will not permit any other witness to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B.      Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

(1) The witness could not reasonably have been discovered prior to the discovery cutoff;

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition; and

6

(4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

### EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff's exhibits are identified on Attachment C.   At trial, plaintiff's exhibits shall be listed numerically.

Defendant's exhibits are identified on Attachment D.   At trial, defendant's exhibits shall be listed alphabetically, first A, B, C, etc., then AA, BB, CB, etc., and so on.   The court approves the substance of the exhibit lists submitted with the joint statement, but the parties are ordered to submit a stipulated list of exhibits aligning with this identification scheme.

The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must have exchanged exhibits no later than fourteen days, **September 12, 2016**, before trial.  Any objections to exhibits were due no later than seven days, **September 19, 2016** before trial.

A.  The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.  Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may

/////

7

consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

        1.  The exhibits could not reasonably have been discovered earlier;

        2.  The court and the opposing parties were promptly informed of their existence; and

        3.  The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

The parties agree Janet Breneman will not be available to testify at trial and will be presented through her deposition testimony.  ECF Nos. 52 & 52-1.  The court will rule on the objections to portions of the transcript before trial so the parties can be prepared to use the designations to which objections are not sustained.  The parties' deposition designations are listed in Attachment E.  Defendant's objections to plaintiff's deposition designations are listed in Attachment F.

FURTHER DISCOVERY OR MOTIONS

Discovery is closed.  Plaintiff may use the following discovery responses for impeachment purposes:

- Defendant County of Nevada's Answer to Plaintiff's Interrogatories - Set One;
- Defendant County of Nevada's Responses to Plaintiff's Request for Production of Documents – Set One; and
- Defendant County of Nevada's Responses to Plaintiff's Request for Production of Documents – Set Two.

/////

8

Plaintiff plans to offer deposition testimony from the following witnesses for impeachment purposes:

- Defendant Rolf Kleinhans
- Bob Wood
- Linda Hartman
- Nancy Haffey (individually and as PMK)
- Gary Winegar
- Joseph Salivar (individually and as PMK)
- Janet Breneman
- Marie Delaney
- George Jouganatos
- Lynette Weiss-Benoit

Defendants may use the following discovery responses for impeachment purposes:

- Plaintiff's Responses to Interrogatories propounded by Defendants;
- Plaintiff's Amended Responses to Interrogatories Propounded by Defendants;
- Plaintiff's Further Amended Interrogatories Propounded by Defendants;
- Plaintiff's Responses to Requests for Admissions.

Defendants may use the deposition testimony from the following witnesses for impeachment purposes, with the understanding that Janet Breneman's testimony on direct and cross will be presented by deposition only as described above:

- Plaintiff
- Janet Breneman
- Marie Delaney
- Nancy Haffey
- Linda Hartman
- George Jouganatos
- Shannon Moon

9

- Joseph Salivar
- Bob Wood
- Gary Winegar
- Lynette Weiss-Benoit

## AMENDMENTS/DISMISSALS

In its order denying in part defendants' motion for summary judgment, the court dismissed all claims against Mr. Kleinhans.  *See generally* ECF No. 44.  Accordingly, Mr. Kleinhans is DISMISSED from this case, and the remaining defendant is the County of Nevada.

## SETTLEMENT

The parties have been unable to reach resolution through settlement discussions.

## JOINT STATEMENT OF THE CASE

Plaintiff Kathleen Soga was employed by the County Of Nevada from April of 2008 through September of 2013. She was a Legal Office Assistant for the majority of her tenure with the County. Ms. Soga filed a complaint with the Nevada County Human Resources Department on April 16, 2013. Thereafter, she claims that she was retaliated against. The County Of Nevada denies those allegations, and denies it is liable for any damages.

## SEPARATE TRIAL OF ISSUES

There will be no separate trial of issues.

## IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

There is no basis for appointing impartial expert witnesses or limiting the number of expert witnesses at this time.

## ATTORNEYS' FEES

Prevailing parties are entitled to an award of reasonable attorney's fees under both the FEHA and Title VII.  California Government Code § 12965; 42 U.S.C. § 1988.

## ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **September 26, 2016 at 9:00 a.m.** in Courtroom Three before the Honorable Kimberly J. Mueller.  Trial is anticipated to last 7 to 9 days.  The parties are directed

10

to Judge Mueller's default trial schedule outlined on her web page on the court's website.  A final

trial schedule will be confirmed the morning of trial.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire seven days before trial.  Each party will

be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury

instructions and verdicts.  The parties shall file any such joint set of instructions fourteen days

before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent the

parties are unable to agree on all or some instructions and verdicts, their respective proposed

instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed

or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days

before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each

objection shall identify the challenged instruction and shall provide a concise explanation of the

basis for the objection along with citation of authority.   When applicable, the objecting party

shall submit an alternative proposed instruction on the issue or identify which of his or her own

proposed instructions covers the subject.

MISCELLANEOUS

Trial briefs are due seven days before trial.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fourteen days from the date of this order to file objections to the

same.  If no objections are filed, the order will become final without further order of this court.

DATED:  September 20, 2016.

_____
UNITED STATES DISTRICT JUDGE

Attachment A: Plaintiff's Witness List

1. **Percipient Witnesses**

    a.  Robert W. Wood

           i.  Plaintiff's former supervisor—Will testify as to plaintiff's excellent work performance, including their work together in handling public estates, requirements of his job and Soga's job.  Will also testify as to interactions with Kleinhans. and Shelli Netherby, including Kleinhans "big, fat, County check" statement and his refusal to resolve problems with Soga.  Will testify as a non-retained expert as to opinion of Soga as employee, including work habits, competence, etc., required interactions between Deputy Public Administration and LOA such as Soga, legal and ethical rules to be followed in discharging his duties, and propriety of Kleinhans' statements.

    b.  Nancy Haffey

           i.  County of Nevada HR Management Analyst II.  Will testify as to all aspects of her involvement in Plaintiff's HR complaint investigation. Including written report, findings, opinions and actions taken against Kleinhans and in remediation of retaliation taken by County. Will testify as percipient witness and non-retained expert.

    c.  Charles Wilson

           i.  County of. Nevada HR Department Chief. Will testify as to his meeting with Plaintiff on 8-28-13 and remediation efforts made to protect plaintiff from Kleinhans' retaliation, if any including total physical separation Mr. Wilson will also testify as a non-retained expert as to duty to remedy retaliation' and proper methods of doing so, with application to Soga and Breneman.

/////

d.   Joseph Salivar

i.   Undersheriff of Nevada. Will testify as to complaints of harassment by Soga against Kleinhans in July, 2011 (including referrals to friends), Salivar's involvement in handling County's actions against Kleinhans in 2013 for his retaliation against Soga, including the specifics of his Proposed Termination Letter (as PMK) to Kleinhans will also testify as his offer to Soga of Truckee position. and terms thereof; as well as County's attempts to remedy retaliation of Plaintiff by Kleinhans.

e.   Rolf Kleinhans

i.   CFO/Deputy Public Administrator of Nevada County Sheriff's Dept. Will testify as to his work background, lack of prior government employment friendship with Sheriff Royal and his wife Janet, bankruptcy in 2008, dislike of PA work, relationship and problems with Plaintiff, including receiving warning from Soga not to refer business to friends, his accusation to Soga of soliciting complimentary emails and letters, incident near stairway in April, 2013 threats of violence and intimidation after Soga's 4-16-13 HR complaint, statement to Captain Pettitt on 4-23-13, statements to Nancy Haffey during her investigation, his blocking(or threat to) of Soga from getting job with other County department, various comments to Janet Brenneman concerning Soga, ownership of handgun and having a carry permit, lack of probate experience, and refusal to work side by side with Soga on PA matters, while loading her up with more and more work, with more and more restrictions.

f.   Janet Breneman

i.   Former County of Nevada Senior Accounting Assistant.  Lives in Arizona and Texas and on-the-road and is unavailable to testify in person, so selected passages from her deposition will be read to the jury, regarding

Kleinhans' threat against Soga, his intimidation of Breneman, Delaney and Griffin by interrogating ·them to find out who made HR complaint of 4-16-13 against him, his comments to Breneman re Soga, including blocking her employment in other County Departments and the like. Also, County's remediation of Breneman's complaints against Kleinhans by moving her to the Jail from the Sheriff's office.

g.  Gary Winegar

   i.  Business representative for Local 39 Stationary Engineers (Union for County of Nevada employees). Will testify as a percipient witness and non-retained expert as to his involvement re Saga's HR complaint of 4-16-13, Kleinhans threat of violence against Soga and his communications and warnings to Soga about it, allowing Soga to continue Truckee job on same terms, as well as his opinions as to Kleinhans threat against Saga and the appropriate methodology of reacting to such threats of violence, including his warnings to Soga, and the appropriateness of taking Kleinhans' threat seriously in view of Kleinhans having a carry permit for a concealed weapon as well as Kleinhans making such a threat.

h.  Nancy Anderson

   i.  Former County of Nevada Sheriff's Department employee. Will testify as to conversations with Plaintiff and Plaintiff's emotional' distress and fear of Kleinhans, as well as Janet Breneman's fear of Kleinhans.

i.  Keith Earnest, Sr.

   i.  Former Habitat For Humanity employee who witnessed interactions between Soga and Kleinhans in 2011 at the Smith Estate ·property, including Kleinhans' yelling at Soga.

/////

/////

14

j.   Kathleen Soga

i.   Plaintiff Kathleen Soga will testify as to her background and working for Bob Wood, prior to Kleinhans, his behavior towards her shortly after his arrival and thereafter that caused her to fear him and want to avoid contact, the April, 2011 stairway confrontation with Kleinhans, and her subsequent HR complaint against him, her Truckee job and terms, including Sa1ivar's offer of permanent status and her 8-28-13 meeting with Salivar and Wilson, the fear instilled in her of Kleinhans by warnings and notification from Haffey and Winegar and her reaction to learning that Kleinhans was returning and that she was being forced to meet with him, despite informing Wilson and Salivar of her fears and refusal to meet with Kleinhans, and her ultimate decision to resign due to her fear of Kleinhans and County's failure to remedy Kleinhans' retaliation by separation that was effective.  She will also testify as to various conversations with Janet Breneman regarding Kleinhans' threats against Soga and the like and conversations with others, the reasons for her HR complaint, including the stairway incident, and other matters concerning liability.  Soga will further testify as to damages and mitigation, counseling from Lynette Weiss-Benoit and all aspects of emotional distress.

2.   **Expert Witnesses**

a.   George A. Jouganatos, Ph.D

i.   Plaintiff's retained expert is a consulting economist and will testify as to his opinions(including all foundational aspects) as to all of Plaintiff's economic losses, including front pay, back pay and benefits.

/////

/////

/////

15

b.  Lynette Weiss-Benoit, LCSW

     i.  Plaintiff's non-retained expert is a licensed clinical social worker who counseled Soga for a number of years, both before and after her Kleinhans' threat against Saga in April, 2013 and will testify as to Soga's emotional state prior to that threat and after and will testify as to Soga's fear of Kleinhans and her emotional distress created by Kleinhans behavior towards Soga.

Attachment B: Defendant's Witness List

**A.  Percipient Witnesses**

| Name | Substance of Testimony |
|------|------------------------|
| Rolf D. Kleinhans | Named Defendant: Plaintiff alleges he sexually harassed her, which he denies. |
| Janet Breneman | Co-worker.  Percipient witness to interactions between Plaintiff and Defendant Kleinhans and events related to Plaintiff's claim of harassment and retaliation. |
| Cindy Dayen | Co-worker.  Percipient witness to interactions between Plaintiff and Defendant Kleinhans and events related to Plaintiff's claim of harassment and retaliation. |
| Marie Delany | Co-worker.  Percipient witness to interactions between Defendant Rolf Kleinhans and Plaintiff Kathleen Soga and events related to Plaintiff's claim of harassment and retaliation. |
| Pamela Griffin | Supervisor.  Percipient witness to interactions between Defendant Rolf Kleinhans and Plaintiff Kathleen Soga and events related to Plaintiff's claim of harassment and retaliation. |
| Nancy Haffey | Human Resources.  Percipient witness to interactions between Plaintiff and Defendant Rolf Kleinhans, conducted investigation into Plaintiff's allegations of harassment, has expert knowledge of County information related to damages. |
| Shannan Moon | Captain. Percipient witness to interactions between Defendant Rolf Kleinhans and Plaintiff Kathleen Soga and events related to Plaintiff's claim of retaliation. |
| Keith Royal | Sheriff.  Percipient witness to interactions between Defendant Rolf Kleinhans and Plaintiff Kathleen Soga and events related to Plaintiff's claim of harassment and retaliation. |
| Joseph Salivar | Undersheriff.  Percipient witness to interactions between Defendant Rolf Kleinhans and Plaintiff Kathleen Soga and events related to Plaintiff's claim of harassment and retaliation. |

17

| Name | Substance of Testimony |
|------|------------------------|
| Charles Wilson | Human Resources.  Percipient witness to interactions between Defendant Rolf Kleinhans and Plaintiff Kathleen Soga and events related to Plaintiff's claim of harassment and retaliation. |
| Trina Woodward | Administrative Assistant.  Conversations with Plaintiff regarding work assignment. |

**B.  Expert Witnesses**

| Name | Substance of Testimony |
|------|------------------------|
| Lynette Weiss-Benoit, LCSW | Plaintiff's therapist, Expertise on Plaintiff's emotional state and associated damages. |
| Nancy Haffey | Non-Retained/Employee.  Damages and mitigation of damages. |

18

Attachment C: Plaintiff's Exhibit List

| Exhibit No. | Document Description |
| --- | --- |
| 1. | Plaintiff's Personnel File From Sheriff's Department |
| 2. | PA-Coroner Info Manual(Assembled by Soga) |
| 3. | Soga's reference letters, accolades and thank-you's |
| 4. | Emails between Kleinhans and Soga, dated July 20, 2011, September 23, 2011, September 30, 2011 and October 7, 2011. |
| 5. | Rolf Kleinhans First Letter of Instruction To Plaintiff |
| 6. | Rolf Kleinhans's Second Letter of Instruction To Plaintiff |
| 7. | Nancy Haffey letter of 10-19-11 re medical leave |
| 8. | Soga note to Gary Winegar re 2nd Letter of Instruction |
| 9. | Soga's 2011 work notes |
| 10. | Formal Estate Time & Tracking documents |
| 11. | Soga Note and email re guns |
| 12. | Daily Task Log |
| 13. | Dr. Burnell Vassar's(Yuba Docs) medical records concerning treatment of stress created by Kleinhans |
| 14. | Lynette Weiss-Benoit's counseling records and letters concerning plaintiff and resume |
| 15. | Plaintiff's applications for transfers and Shannon Moon letter of 1-11-15 re transfer to Truckee |
| 16. | Mike Mariani email re Kathleen Soga |

19

| 17. | Soga notes re April 2 confrontation with Kleinhans, 3-29-13 morning encounter and 4-24-13 |
|-----|-----|
| 18. | Soga's Formal Complaint to HR re Kleinhans |
| 19. | 6-24-14 Investigative Letter re findings |
| 20. | Soga's 5-7-13 letter to Haffey about restraining order and followup |
| 21. | Soga and Haffey emails(5-29-13/6-30-13) |
| 22. | Soga 5-3-13 email To Gary Winegar |
| 23. | CD of voicemail from Gary Winegar warning Soga |
| 24. | Soga's letter to Attorney General and response letter of 5-28-13 |
| 25. | Joseph Salivar email of 6-27-13 |
| 26. | Soga/Haffey emails of 5-17-13 and 6-5-13 |
| 27. | Shannon Moon's email of 9-3-13 approving sick leave |
| 28. | Soga's 9-5-13 letter of resignation and Salivar's acceptance letter of 9-9-13 |
| 29. | Soga's FEHA complaints and right-to-sue letter |
| 30. | Soga's EEOC complaint and right-to-sue letter |
| 31. | Soga's Events/Work issues time line |
| 32. | Keith Royal's 4-28-13 Notice of Paid Administrative Leave To Rolf Kleinhans |
| 33. | Nevada County Sexual Harassment Notification dated March 14, 2008 |
| 34. | Nevada County Sheriff's Office and County of Nevada anti-harassment guidelines |
| 35. | Nevada County Sheriff's Office General Order 2, Rules On Conduct, including Section 2.15. |

Attachment D: Defendants' Exhibit List

| Exhibit No. | Description of the Document |
|---|---|
| A. | Defendant County of Nevada's Interrogatories to Plaintiff, Set One. |
| B. | Plaintiff's Further Amended Responses to Special Interrogatories – Set One, dated July 10, 2015. |
| C. | Letter of Instruction from Rolf Kleinhans to Kathleen Soga dated July 14, 2011. |
| D. | Letter of Instruction from Rolf Kleinhans to Kathleen Soga dated September 23, 2011. |
| E. | Discrimination/Harassment Complaint filed by Kathleen Soga with the Department of Human Resources. |
| F. | Plaintiff's Complaint with the Department of Fair Employment and Housing dated September 5, 2013. |
| G. | Plaintiff's Complaint with the EEOC dated November 19, 2013. |
| H. | Events/Work Issues Time-line. Chronological timeline prepared by Soga. |
| I. | January 1, 2013 Letter from Captain Shannon Moon regarding Temporary Assignment in Truckee. |
| J. | May 21, 2012 Email from Joseph Salivar to Kathleen Soga regarding Permanent Truckee Position. |
| K. | May 22, 2012 Email from Joseph Salivar to Kathleen Soga regarding Permanent Truckee Position. |
| L. | May-June 2012 Email string between Undersheriff Joseph Salivar and SOGA regarding Legal Office Assistant Position. |
| M. | June 5, 2013 Email from Soga to Nancy Haffey regarding Truckee position. |
| N. | September 5, 2013 Letter of Resignation from Soga. |
| O. | August 5, 2011 Email from Kleinhans to Soga regarding complimentary note. |
| P. | September 6, 2011 Memo from Kleinhans to file regarding Soga. |
| Q. | October 13, 2011 Email from Kleinhans to Nancy Haffey regarding Soga reprimand and billing problems. |
| R. | September 22 and 23, 2011 Email from Kleinhans to Nancy Haffey regarding Soga 2nd Oral Counseling Letter. |
| S. | October 17, 2011 Email string from Kleinhans to Nancy Haffey regarding Soga Letter of Instruction. |

| Exhibit No. | Description of the Document |
|---|---|
| T. | June 19, 2012 Email from Soga regarding move for Truckee job. |
| U. | August 14, 2015 Letter from Lynette Weiss-Benoit, LCSW, regarding treatment of Soga. |
| V. | March 8, 2015 Letter from Lynette Weiss-Benoit, LCSW, regarding treatment of Soga. |
| W. | January 6, 2012 Letter from Lynette Weiss-Benoit, LCSW, regarding treatment of Soga. |
| X. | September 2, 2013 Letter from Lynette Weiss-Benoit, LCSW, regarding treatment of Soga. |
| Y. | January 22, 2009 Progress note by Lynette Weiss-Benoit, LCSW, regarding treatment of Soga. |
| Z. | November 3, 2011 Treatment Plan of Soga by Lynette Weiss-Benoit, LCSW. |
| AA. | Soga final paychecks. |
| BB. | Resolution No 12-325 of the Board of Supervisors of the County of Nevada. |
| CC. | Soga signed Nevada County Sexual Harassment Notification, dated March 14, 2008. |
| DD. | Soga signed Statement of Understanding regarding Nevada County Sheriff's Office Discriminatory Workplace Harassment Policy, dated August 29, 2012. |
| EE. | Nevada County Sheriff's Office General Order 12 regarding Discriminatory Workplace Harassment Policy. |

Attachment E: Parties Deposition Designations of Janet Breneman's Deposition

1. Joint Designation

    a. The Parties agree the following sections of Ms. Breneman's deposition may be read to the jury.

        i. 9:9 – 10:9, 11:10 – 12:4, 16:17 – 17:20, 24:9 – 25:13, 28:18 – 29:5, 32:22 – 33:3, 33:16 – 34:2, 53:23 – 55:5, 58:13 – 59:12, 61:2 – 24, 62:19 – 63:25, 65:25 – 70:20, 92:16 – 93:22, 101:1-22, 118:13 – 119:13.

2. Designation by Defendant

    a. Defendant separately identifies the following sections of Janet Breneman's deposition.

        i. 19:19 – 20:12, 34:19 – 35: 11, 74:14 – 75:13, 94:10-25, 95:4-18, 103:1-23, 104:13 – 105:12, 108:11-25, 110:9 – 111:17, 114:14 – 116:11, 117:20 – 118:7.

3. Designation by Plaintiff

    a. Plaintiff separately identifies the following sections of Janet Breneman's deposition.

        i. 5:14 – 6:15, 21:1-23, 29:6-11, 29:24 – 30:11, 30:23 – 31:2, 33:4-15, 34:3-14, 35:20 – 36:22, 37:25 – 39:11, 40:6-25, 46:14-23, 51:21 – 52:24, 53:4-22, 55:6-25, 61:25 – 62:18, 64:1 – 65:24, 75:14 – 76:16, 78:24 – 85:2, 88:7 – 89:23, 91:8 – 92:11, 106:10-12, 106:16 – 108:4, 119:14 – 120:9, 125:21 – 126:16, 130:7-25.

<u>Attachment F: Defendant's Objections to Plaintiff's Deposition Designations</u>

Defendant asserts the following objections to portions of the Janet Breneman deposition that Plaintiff proposes to use.

a.  21:15-23 (Rule 401 – Irrelevant, 403 – Unfairly Prejudicial/Confusion of Issues),

b.  29:6-11 (Rule 401 – Irrelevant, 403 – Unfairly Prejudicial/Confusion of Issues),

c.  29:24 – 30:11 (Rule 401 – Irrelevant),

d.  30:23 – 31:2 (Rule 401 – Irrelevant),

e.  33:4-15 (401 – Irrelevant, 602/701 – Lacks personal knowledge, speculation),

f.  34:3-14 (401 – Irrelevant; 403 – Unfairly Prejudicial/Confusion of Issues; 602/701 – Lacks personal knowledge, speculation),

g.  35:20 – 36:22 (Rule 401 – Irrelevant; 602/701 – Lack of foundation as to time, lacks personal knowledge),

h.  37:25 – 39:11 (Rule 401 – Irrelevant; 403 – Unfairly Prejudicial/Confusion of Issues; 602/701 – Lack of foundation as to time, lacks personal knowledge, speculation),

i.  40:6-25 (Rule 401 – Irrelevant; 403 – Unfairly Prejudicial/Confusion of Issues),

j.  46:14-23 (Rule 401 – Irrelevant),

k.  51:21 – 52:21 (Rule 401 – Irrelevant; 403 – Unfairly Prejudicial/Confusion of Issues; Lack of foundation as to time).

l.  52:22-24 (Rule 401 – Irrelevant, 403 – Unfairly Prejudicial/Confusion of Issues; 602/701 – Lacks personal knowledge, speculation),

m.  53:4-22 (Rule 401 – Irrelevant, 403 – Unfairly Prejudicial/Confusion of Issues; 602/701 – Lack of foundation as to time, Lacks personal knowledge, speculation, improper opinion),

n.  55:6-25 (Rule 401 – Irrelevant, 403 Unfairly Prejudicial/Confusion of Issues; 602/701 – Lacks personal knowledge, speculation; lack of foundation.),

o.  61:25 – 62:18 (602/701 – Lacks personal knowledge, speculation; lack of foundation); 64:1 – 64:23 (Rule 401 – Irrelevant, 403 – Unfairly Prejudicial/Confusion of Issues;

602/701 – Lacks personal knowledge, speculation; vague and nonresponsive to question, thus response should be stricken.)

p. 65:5-24 (Rule 401 – Irrelevant, 403 – Unfairly Prejudicial),

q. 75:14 – 76:16 (Rule 401 – Irrelevant, 403 – Unfairly Prejudicial/Confusion of Issues; 602/701 – Improper opinion testimony),

r. 78:24-80:10 – (Rule 401 – Irrelevant; 802 – Hearsay; 805 – Hearsay within hearsay); 80:11-82:4 – (Rule 401 – Irrelevant, 403 – Unfairly Prejudicial/Confusion of Issues; 602/701 – Improper opinion testimony);

s. 82:5-16 – (Rule 401 – Irrelevant);

t. 82:17 – 83:16 – (Rule 401 – Irrelevant; 602/701 – Speculation, Improper opinion testimony);

u. 84:2-85:2 – (802 – Hearsay; 805 – Hearsay within hearsay);

v. 88:7 – 89:23 (802 – Hearsay; 805 – Hearsay within hearsay; Rule 401 – Irrelevant, 403 – Unfairly Prejudicial/Confusion of Issues);

w. 91:8 –92:5 – (802 – Hearsay; 805 – Hearsay within hearsay; 602/701 – Speculation, Improper opinion testimony);

x. 92:6-11 – (Rule 401 – Irrelevant, 403 – Unfairly Prejudicial/Confusion of Issues),

y. 106:10-108:4 (Rule 401 – Irrelevant, 403 – Unfairly Prejudicial/Confusion of Issues; 602/701 – Speculation, Improper opinion testimony, lack of foundation),

z. 119:14 – 120:9 (Rule 401 – Irrelevant, 403 – Unfairly Prejudicial/Confusion of Issues; 602/701 –Improper opinion testimony),

aa. 125:21 – 126:16 (Rule 401 – Irrelevant; 602/701 – Speculation; 802 Hearsay);

bb. 130:7-25 (401 – Irrelevant; 802 – Hearsay).

25